NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA NARDONE, PHD., RAC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>3G BIOTECH, LLC and GARY YOUNG,<br><br>　　　　Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 11-CV-1663 (DMC)(MF) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court upon the motion of 3G BioTech, LLC and Gary Young (collectively, the "Defendants") to dismiss Plaintiff Linda Nardone's (hereinafter, "Plaintiff" or "Nardone") complaint. Pursuant to Fed.R.Civ.P. 78, which grants this Court the authority to decide the motion on the papers, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' motion to dismiss is **granted**. Plaintiff is directed to pursue arbitration in Massachusetts as guided by the contract at issue.

**I.　BACKGROUND**

Plaintiff Linda Nardone entered into a contract with Defendant 3G BioTech, LLC (hereinafter, "3G BioTech") on May 5, 2010 for services including consulting on Food and Drug Administration regulatory and preclinical activities relating to the commercialization of the Zinc Chelation Technology. (Def.'s Mot. to Dismiss Ex. B, at 1, Apr. 19, 2011, ECF No. 5-1.) Gary Young is the President and CEO of 3G BioTech. (Def.'s Mot. to Dismiss Ex. A, at ¶ 8.)

Plaintiff sues for breach of contract alleging that she performed consulting services pursuant to the contract, but never received payment. (Id. at ¶ 1.) Plaintiff states that she provided invoices to Defendants, that were not disputed, in May, June and July of 2010. (Id. at ¶ 2.)

This Court has jurisdiction based on the parties' diversity of citizenship and satisfaction of the amount in controversy requirement.[1] Defendant contends that this case should be dismissed as a result of the at issue contract's applicable arbitration clause. The arbitration clause covers "any dispute...arising from or relating to the terms of [the agreement] or the retention of [Nardone as a consultant]." (Def.'s Mot. to Dismiss Ex. B, at 4.) Plaintiff argues that the arbitration clause is neither broad nor all encompassing rather, the clause is limited to categories which do not apply to the instant scenario. (Pl.'s Opp'n 4, May 23, 2011, ECF No. 8.) Alternatively, Plaintiff argues that if this Court dismisses in favor of arbitrating with 3G BioTech, it should still abstain from dismissing in favor of arbitrating with Gary Young, because he is a third-party outside of the confines of the arbitration clause. (Pl.'s Opp'n 6-7.) Mr. Young is a signatory to the contract. (Def.'s Mot. to Dismiss Ex. B, at 5.)

Defendant pleads that in the event this Court does not find the arbitration clause applicable to the instant set of facts, this Court will alternatively transfer the matter to the District of Massachusetts. (Def.'s Mot. to Dismiss 13.) The contract contains a "choice of law" provision stating that Massachusetts law governs. (Def.'s Mot. to Dismiss Ex. B, at 4.) Defendant contends that Massachusetts is the more convenient forum. (Def.'s Mot. to Dismiss 11-15.) Plaintiff counter-argues that public and private interests mitigate against the transfer to

---

[1] Plaintiff lives and works in Wayne, New Jersey, 3G BioTech's headquarters is located in Sudbury, Massachusetts and Gary Young resides and works in Sudbury, Massachusetts. Plaintiff's claim for relief totals $77,000.00.

Massachusetts that Defendants seek. (Pl.'s Opp'n 8.)

**II.   STANDARD OF REVIEW**

In deciding a motion to dismiss, the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to [the Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). The Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, when their truth is assumed, those factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555. Plaintiff's obligation "requires more than labels and conclusions." Id. at 545. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Federal Arbitration Act is a "congressional declaration of the liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); see also RCM Tech., Inc. v. Bringnik Tech., Inc., 149 F. Supp. 2d 109 (D.N.J. 2001). "By its terms the Act leaves no place for the existence of discretion by a district court, but instead mandates that the district courts shall direct the parties to proceed on arbitration issues as to which an arbitration agreement has been signed." Id. Any doubts or ambiguities should be resolved in favor or arbitration. Moses H. Cone, 460 U.S. at 24. The Third Circuit has held that there is a "presumption of arbitrability," rebuttable only with evidence positively assuring that

"the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Battaglia v. McKendry, 233 F.3d 720, 727 (3d Cir. 2000) (citing AT&T Tech., Inc. v. Commc'n Workers of Am., 475 U.S. 643, 650 (1986)) (citation omitted).  Finally, "the party opposing arbitration bears the burden of proving that the claims at issue are not subject to arbitration." Delta Funding Corp. v. Harris, 396 F. Supp. 2d 512, 515 (D.N.J. 2004).

**III.    DISCUSSION**

Defendants' motion to dismiss suggests two alternatives: to dismiss Plaintiff's claim in favor of arbitration or transfer the case to the District Court of Massachusetts.  Plaintiff finds neither mechanism appropriate arguing that the arbitration clause is limited to scenarios not presented here and, alternatively that public and private interest factors weigh in favor of New Jersey.  This Court finds that dismissal in favor of arbitration is the proper avenue for Plaintiff's pursuit of remedy under the clause contained in the parties' contract.  Therefore, this Court will not reach Plaintiff's forum non conveniens arguments.

Plaintiff argues that the arbitration clause does not cover the dispute presented here.  The arbitration clause at issue reads as follows:

> <u>Any dispute</u> between the parties to this Agreement <u>arising from or relating to the terms of this Agreement or the retention of Consultant</u> by 3G BioTech shall be submitted to arbitration in Massachusetts under the auspices of the American Arbitration Association. (Def.'s Mot. to Dismiss Ex. B, at 4, Apr. 19, 2011, ECF No. 5-1.)

Plaintiff states that the arbitration clause is not as broad and all encompassing as those presented in Moses H. Cone and Brayman.  See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); and Brayman Constr. Corp. v. Home Ins. Co., 319 F.3d 622, 625 (3d Cir. 2001), see infra Part III.1.  Plaintiff's arguments in this vein fails for want of compelling

reasoning.  Plaintiff's contrast of the instant contract's arbitration clause with the other two arbitration clauses leaves Plaintiff's conclusion bare.  This Court is not persuaded by Plaintiff's attempt to merely present the conclusion that the instant clause is distinguishable without parsing the contractual language providing an explanation.

The arbitration clause included in the contract at issue is broad in scope.  This Court bases its conclusion upon not only the plain language of the clause, but also the Supreme Court and Third Circuit's characterizations of similar clauses as such.  Moses H. Cone, 460 U.S. at 5; and see, Brayman Constr. Corp., 319 F.3d at 623-4.  This Court finds the instant arbitration clause analogous to those in Moses H. Cone and Brayman.  In Moses H. Cone, the clause reads "all claims, disputes and other matters in question arising out of, or relating to, this contract or the breach thereof...shall be decided by arbitration."  Moses H. Cone, 460 U.S. at 5.  In Brayman, the clause at issue used the phrase "any dispute" and referenced the "Agreement" of the parties as well as each's "rights" under it.  Brayman Constr. Corp., 319 F.3d at 623-4.  Without straining the language in any way, it is easy to see that the contracting parties in all three cases intended the arbitration clause to include any disputes related to the terms of the agreement or the relationship resulting from the agreement.  The dispute in this case arises from retaining Nardone as a consultant.

Coupling the Third Circuit's interpretation of a similar agreement with the policy counseling that interpretive doubts be considered in favor of arbitration, this Court is convinced that the arbitration clause applies to the instant breach of contract and unjust enrichment claims. Plaintiff properly asserts that alleging nonpayment for services rendered as a consultant is directly related to her retention as a consultant.  The requirement to compel arbitration when

presented with an applicable, signed arbitration agreement leaves the Court with no discretion to retain the case. See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985).

Further, Plaintiff, without basis, considers Gary Young a third party to this contract where, in actuality, Mr. Young serves as CEO and President of 3G BioTech - the named contracting party. Even more persuasive is the fact that Gary Young is a signatory to the contract. (Def.'s Reply 3, May 31, 2011, ECF No. 9.) The Third Circuit has held that even a non-signatory can enforce an arbitration clause in certain senarious. E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediaries, 269 F.3d 187, 195 (3d Cir. 2001) (noting that a third party beneficiary has been bound by arbitration clauses where the claim arises out of the underlying contract to which it was an intended third party beneficiary). The relationship here is much less tenuous. Whereas this Court, at this time, will not reach the issue of Mr. Young's liability as an individual, for the purposes of interpreting the arbitration clause, it is clear Mr. Young is a more integral participant in this agreement than Plaintiff would have this Court believe.

The arbitration clause was included in the contract so that "any dispute...arising from or relating to the terms of [the] Agreement or the retention of [Nardone]" would be submitted to arbitration in Massachusetts under the auspices of the American Arbitration Association. The clause is sufficiently broad to include the instant cause of action and this Court is not persuaded by Plaintiffs' arguments regarding the status of Mr. Young. Arbitration is the appropriate avenue for Plaintiff's pursuit of relief.

IV. **CONCLUSION**

Based on the foregoing, it is clear that the parties' contractual arbitration clause applies to

Plaintiff's breach of contract and unjust enrichment claims.  This Court hereby dismisses the action in favor of arbitration under that clause.  Defendants' motion to dismiss is **granted**.

                                                 S/ Dennis M. Cavanaugh  
                                                 Dennis M. Cavanaugh, U.S.D.J.

Date:         December   19 ,   2011  
Orig.:         Clerk  
cc:           All Counsel of Record  
              Mark Falk, U.S.M.J.